IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,021-01






EX PARTE JAMES LEE LIKE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W83-93634-U(A) IN THE 291ST JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to forgery in 1983,
and was and sentenced to two years' imprisonment. He did not appeal his conviction. 

 Although Applicant has long since discharged his sentence in this cause, the conviction was
later used to establish habitual offender status in a Nevada prosecution, for which Applicant received
a life sentence without possibility of parole. Because Applicant is currently serving the Nevada life
sentence, he has demonstrated that he is suffering collateral consequences of this conviction
sufficient to confer habeas jurisdiction on this Court.

 In responding to Applicant's writ, the State has invoked the doctrine of laches because
Applicant waited more than twenty-four years to bring his claims. Ex parte Carrio, 992 S.W.2d
486, 487-88 (Tex. Crim. App. 1999). However, despite reciting Carrio's requirement that the State
make "a particularized showing of prejudice," and noting that the "mere passage of time" is not
enough, the State makes only the conclusory statement that "Applicant has waited too long to assert
his claims and has prejudiced the State's ability to respond." Absent a particularized showing of how
Applicant's delay has prejudiced the State's ability to respond to his claims, the doctrine of laches
should not bar review in this case.

 Applicant contends, inter alia, that his plea was involuntary and his punishment unauthorized
because the indictment failed to allege an offense, and defense counsel failed to advise Applicant
that the indictment failed to allege an offense before Applicant pleaded guilty. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex
parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in that it shall provide trial counsel with the
opportunity to submit an affidavit responding to Applicant's claims. In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the indictment, plea
documents, and the evidence submitted to support Applicant's plea in this cause. The trial court
shall make findings as to whether the indictment properly alleged an offense, and if so, under which
part of Tex. Pen. Code §32.21 the State's theory of the offense was brought. The trial court shall
make findings as to what evidence was provided to support his plea of guilty to the offense charged. 
The trial court shall make findings as to whether Applicant was properly advised as to the nature of
the charges, the applicable punishment range, the rights he was waiving, and the consequences of
his plea. If the indictment did not properly allege an offense under Tex. Pen. Code §32.21, the trial
court shall make findings as to why counsel advised Applicant to plead guilty to the offense. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 2, 2008

Do not publish